CLAYTON, assignee, *et al. v.* ROBERTS & COLLINS *et al.*

A fund in court having been raised by sale, under an execution following a judgment against him individually, of individual property of one of a partnership, whether an older judgment and execution against that partnership would be entitled to preference in distribution of the fund, would depend on whether the partner whose property was sold was served with a copy of the process in the suit against the partnership. Such service not appearing, it was error to award the fund to the judgment against the partnership."

December 13  1889

Money rule. Judgments. Executions. Partnership. Service. Before Judge MILNER. Bartow superior court. January term, 1889.

Reported in the decision.

BAKER & HEYWARD and J. W. AKIN, for plaintiffs in error.

J. M. NEEL and J. H. WIKLE, *contra*.

SIMMONS, Justice.

R. A. Clayton and Stokely, Williams & Co. obtained judgments and had executions issued against D. F. Bishop. Roberts & Collins obtained a judgment and execution issued against D. F. Bishop & Son, a firm composed of D. F. Bishop and T. D. Bishop. Their judgment was older than the judgments of Clayton *et al.* against D. F. Bishop. D. F. Bishop & Son were insolvent. The individual property of D. F. Bishop was levied upon and sold under one of the judgments against him individually. Roberts & Collins placed their execution against D. F. Bishop & Son in the hands of the sheriff, and claimed that the same be paid out of the individual assets of D. F. Bishop, because, as they claimed, their judgment lien was older than the judgment lien of Clayton *et al.* The court sustained this claim and ordered them to be first paid and the balance, if any, to be paid to the other judgments; to which ruling Clayton *et al.* excepted.

The correctness of this judgment depends, in our opinion, upon the fact whether D. F. Bishop was served with a copy of the process in the suit against the partnership by Roberts & Collins. Section 3351 of the code declares, in substance, that a judgment against a partnership shall bind the individual property of the defendant or defendants who have been served with a copy of the process, and shall not bind and be levied on individual property of the defendant or defendants who were not served with a process. The record in this case fails

to disclose whether D. F. Bishop was served with a copy of the process or not. If he was served, then the judgment obtained against the partnership will bind not only the partnership property, but his individual property also ; and that judgment, being the oldest, would be entitled to the money in preference to the younger judgment. If he was not served, the judgment obtained against the partnership bound only the partnership property and that of the other partner who was served. The money in court, having been raised by the sale of individual property of D. F. Bishop, was legal assets, and not equitable ; and under section 3142 of the code, should have been distributed according to legal liens and priorities. That section is as follows : "Assets are either legal or equitable : the former are such as may be reached by the ordinary process of law ; the latter are such as can be reached only through the intervention of a court of equity. The former, when properly before a court of equity, are distributed according to legal liens and priorities, the latter, according to justice and right in the particular case, the general rule being that equality is equity."

The record not showing that this individual partner of the firm of Bishop & Son was served in the suit of Roberts & Collins against the partnership, their judgment had no lien on the individual assets of this partner ; and we think, therefore, that the court erred in deciding that their judgment should take the money in preference to a younger judgment against D. F. Bishop, whose property had been sold and the proceeds of the sale brought into court  Of course, if it be shown that, of the individual members of Bishop & Son, D. F. Bishop was served with a copy of the process, Roberts & Collins' judgment would be entitled to the money. If D. F. Bishop was not served, they would not be entitled to it in preference to individual judgment creditors of D. F. Bishop.  *Judgment reversed.*